I concur with the opinion. I write specially only to point out an additional reason why a new trial was not merited in this case.
The Alabama Rules of Civil Procedure were adopted primarily to ensure that cases and controversies like this would be decided on their merits. In fact, Rule 1(c) of those Rules specifically states: "These rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action."
Commenting on these rules, retired Circuit Judge James Haley, who worked so long and hard as a member of this Court's Advisory Committee on the Rules of Civil Procedure, said that Rule 1 was one of the most important of the civil rules and that it should be understood to apply to all of the other rules. I agree with Judge Haley.
In my opinion, the spirit of the Rules of Civil Procedure generally requires that challenges to prospective jurors on the ground that they are statutorily or otherwise disqualified should always be made pre-trial. In applying the provisions of Rule 1(c) to this case, I ask this question: Would it be "just" to allow a party who has not been diligent in determining a potential disqualification of a prospective juror to go through an entire trial and then obtain a new trial because a particular juror was statutorily disqualified? I think not.
I make one additional comment. The civil rules offer litigants sufficient time and opportunity to determine the qualifications of jurors, and I have strongly advocated the use of a questionnaire to assist a litigant in determining which jurors would be best qualified to serve in any particular case.See Ex parte Bruner, 681 So.2d 173 (Ala. 1996) (Maddox, J., concurring in the result); General Motors v. Hopper,681 So.2d 1373 (Ala. 1996) (Maddox, J., concurring specially). If the plaintiffs had used a juror questionnaire in this case, they might have discovered the juror's past criminal conviction and thus prevented the problem now before us.